IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| RUSSELL SHEPHERD,<br><br>PLAINTIFF,<br><br>v.<br><br>AMANDA CORLEY, in her individual capacity; LOUISE COOPER, in her individual capacity; CARISSA GAINEY, in her individual capacity; and DEVAN DAVIS, in her individual capacity,<br><br>DEFENDANTS, | Case No. __3:25-12946-MGL__<br><br>**COMPLAINT**<br>**(Jury Trial Demanded)** |

The Plaintiff named herein, complaining of the Defendants, would respectfully show unto this Honorable Court and allege as follows:

### I. JURISDICTION AND VENUE

1. This Court has original jurisdiction over the federal claims pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 42 U.S.C. § 1983, as this action arises under the Constitution and laws of the United States.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events or omissions giving rise to the claims occurred in this District (e.g., SCDSS offices in Columbia, SC, and the administrative hearings).

## II. PARTIES

3. Plaintiff Russell Shepherd is a citizen and resident of Laurens County, South Carolina. He was formerly employed at Excalibur Youth Services, LLC (Venice PRTF), a psychiatric residential treatment facility.

4. Defendant Amanda Corley is or was an OHAN Investigator for the South Carolina Department of Social Services (SCDSS). She acted under color of state law in investigating and indicating Plaintiff for child abuse/neglect.

5. Defendant Louise Cooper is or was an SCDSS employee (Director of Out of Home Abuse and Neglect) involved in administrative processing, including handling appeals, green cards, and determination fact sheets. She acted under color of state law in delaying and mishandling Plaintiff's appeal.

6. Defendant Carissa Gainey is or was an SCDSS employee (Director, Office of Safety Management) involved in the investigation or administrative process (e.g., supervisory or coordination roles based on internal communications). She acted under color of state law in contributing to procedural violations.

7. Defendant Devan Davis is or was an SCDSS employee (OHAN Supervisor) (e.g., supervisory and/or investigative role). She acted under color of state law in assigning cases, overseeing investigations, and contributing to delays.

8. All Defendants are sued in their individual capacities for actions taken under color of state law that violated Plaintiff's constitutional rights.

## III. FACTUAL ALLEGATIONS

9. On or about October 10, 2022, SCDSS (through Defendants Corley, Davis, and others) opened an OHAN investigation against Plaintiff based on allegations by a minor former

patient ("John Doe") at Venice PRTF, claiming sexual abuse by Plaintiff and others. (See internal SCDSS email dated October 11, 2022, assigning the case to Defendant Corley.)

10. The investigation relied heavily on: the "forensic interview" of John Doe, which was later proven to be a non-forensic, medical diagnostic interview; improper witness interviews; and/or, biased evidence collection.

11. On November 2, 2022, a medical diagnostic interview was conducted with John Doe.

12. On November 3, 2022, Defendant Corley falsely wrote in SCDSS records that a forensic interview was conducted on November 2, 2022, and Defendant Davis counter-signed the same SCDSS document.[1]

13. On December 9, 2022, Plaintiff was terminated from his employment with PRTF Venice, due to SCDSS indicating him.

14. On January 4, 2023, Plaintiff timely appealed the indication and demanded SCDSS's file via certified letter.[2]

15. SCDSS (through Defendants Cooper, Corley, Davis, and Gainey) failed to conduct the mandatory 14-day interim review under S.C. Code § 63-7-1430(B), completing the Interim Review on May 4, 2023, (over 4 months delayed) in less than one day, upon information and belief, in violation of statutory requirements for expedited review and fair process under 27 S.C. Code Ann. Regs. 114-130.

---

[1] See OHAN 20-day Case Determination Consultation, dated November 3, 2022.

[2] See SCDSS internal emails dated January 17-18, 2023, confirming receipt by Defendants Cooper, Corley, Davis, and others.

16. Upon information and belief, Defendant Gainey did not review the medical diagnostic interview video, in violation of statutory requirements for expedited review and fair process under 27 S.C. Code Ann. Regs. 114-130.

17. Furthermore, Defendant Gainey signed the Interim Review twice, once at 11:40:13 EDT and once at 11:41:30 EDT; however, in the earlier version she wrote "Upheld based on [John Doe's] disclosure to CM, therapist, and during FI." John Doe's therapist was named Mandy Bates. Thus, upon information and belief, Defendant Gainey did not review the file before signing the Interim Review, in violation of statutory requirements for expedited review and fair process under 27 S.C. Code Ann. Regs. 114-130.

18. Defendants Corley, Cooper, Gainey, and Davis failed to provide the investigative file for months (February through September 2023), despite confirmation of receipt on January 4, 2023, further violating S.C. Code § 63-7-1430's mandate for timely and impartial proceedings.

19. On April 25, 2023, Plaintiff's counsel demanded immediate dismissal due to delays. (See email dated April 25, 2023, at 10:02 AM EDT.) Defendants did not respond to Plaintiff's counsel, but clearly received Plaintiff's counsel's email, thus, prolonging the process without justification.[3]

20. On April 25, 2023, at 11:39 AM EDT, Defendant Cooper emailed SCDSS employees stating the Interim Review was supposed to be conducted in fourteen (14) days, confirmed scheduling of Plaintiff's appeal had been delayed, yet she allowed the pursuit of Plaintiff to continue in violation of his constitutional rights.[4]

21. A prehearing conference was held October 10, 2023, pursuant to S.C. Code § 63-7-1430 and Regs. 114-130. During the prehearing conference, SCDSS confirmed it did not have

---

[3] See email dated April 25, 2023, at 11:39 AM EDT.

[4] Id.

4

the capability to review John Doe's interview video, while explaining why that video had not been produced to Plaintiff's counsel.

22. The Fair Hearing spanned four days (November 6, 14, 28, and 30, 2023), marred by procedural violations: late filings (e.g., prehearing statement on October 24, 2023); invalid subpoenas to non-South Carolina residents; biased, unjust rulings (e.g., quashing Plaintiff's subpoenas on November 14 and 17, 2023, without hearing); allowing remote testimony over Plaintiff's objections; and admitting evidence after the close of evidence.[5]

23. Additional motions included: Plaintiff's Motion for Continuance, denied on November 8, 2023; Plaintiff's Motion to Dismiss, denied; Defendant's Motion to Compel, granted; Defendant's Motion to Quash trial Subpoenas, granted via email, without allowing Plaintiff to respond and without a hearing; and Motion for Mistrial by SCDSS, denied. These administrative rulings ignored statutory mandates for expedited, impartial hearings under S.C. Code § 63-7-1430.

24. Defendant Corley testified falsely or evasively about the investigation.

25. Defendants acted jointly through coordinated communications (e.g., emails cc'ing multiple Defendants on case assignment, appeal intake, and delays) to prolong the proceedings, ignore exculpatory evidence, and maintain the baseless indication despite a lack of evidence sufficient to support the preponderance of the evidence standard.

26. Due to Defendants' actions, during the four-day hearing, Plaintiff was not allowed to enter a single page of evidence, and Plaintiff was only allowed to call witnesses to whom subpoenas were not necessary, or whose subpoenas did not have to go through SCDSS.

27. On January 24, 2024, SCDSS's Director's Designee overturned the indication, ordering Plaintiff's removal from the Central Registry, finding SCDSS failed to meet its burden

---

[5] See hearing transcripts and Final Administrative Order dated January 24, 2024.)

under the preponderance standard, in accordance with S.C. Code § 63-7-1430 and Regs. 114-130.[6]

28. SCDSS caused additional expense by filing a Motion to Reconsider, requiring a hearing, and requesting the Designee review all of the evidence again, despite the fact that SCDSS knew it had no right of appeal.

29. As a result of Defendants' actions, which violated state statutes and regulations designed to ensure due process (e.g., S.C. Code §§ 63-7-1430, 63-7-1230 for expedited hearings), Plaintiff suffered loss of employment, income, reputation, emotional distress, legal fees, and placement on the Central Registry for over a year without due process.

## IV. CAUSES OF ACTION

### FIRST CAUSE OF ACTION: VIOLATION OF 42 U.S.C. § 1983

**14th Amendment Due Process Rights**

**(Against All Defendants)**

30. Plaintiff incorporates by reference all preceding paragraphs.

31. Defendants, acting under color of state law as SCDSS employees, deprived Plaintiff of his liberty and property interests (e.g., employment, reputation, and freedom from registry placement) without due process of law, in violation of the 14th Amendment.

32. Specific violations include: arbitrary delays (e.g., missing 14-day interim review deadline under S.C. Code § 63-7-1430(B), 4-month file delay); flawed investigation (e.g., false records, no forensic interview); unfair hearing (e.g., quashing subpoenas without hearing, admitting late evidence); and failure to expedite per S.C. Code § 63-7-1430, § 63-7-1230,

---

[6] See Final Administrative Order.

and Wardlaw v. SCDSS precedent, all in contravention of Regs. 114-130's impartiality requirements.

33. Defendants' actions were deliberate, reckless, and without probable cause, shocking the conscience and amounting to substantive and procedural due process violations.

34. As a proximate result, Plaintiff suffered damages, including economic loss and emotional distress.

## SECOND CAUSE OF ACTION: VIOLATION OF 42 U.S.C. § 1983

### 4th Amendment Rights

### (Against Defendants Corley, Davis, and Gainey)

35. Plaintiff incorporates by reference all preceding paragraphs.

36. Defendants Corley, Davis, and Gainey, acting under color of state law, conducted an unreasonable "seizure" of Plaintiff's liberty through a baseless investigation and indication, equivalent to an unlawful restraint on his rights without probable cause or warrant, in violation of the 4th Amendment.

37. The investigation lacked objective evidence (e.g., no witness interviews, ignored exculpatory records), relied on leading questions and false statements, and was prolonged arbitrarily in violation of S.C. Code § 63-7-1430's timelines, effectively "seizing" Plaintiff's professional life and reputation.

38. As a proximate result, Plaintiff suffered damages, including loss of employment and placement on the registry for abuse and neglect.

# THIRD CAUSE OF ACTION: VIOLATION OF 42 U.S.C. § 1985

## CONSPIRACY TO DEPRIVE CONSTITUTIONAL RIGHTS

### (Against All Defendants)

39. Plaintiff incorporates by reference all preceding paragraphs.

40. Defendants, acting under color of state law, conspired and acted jointly to deprive Plaintiff of his constitutional rights under the 4th and 14th Amendments, including due process and freedom from unreasonable seizure.

41. Defendants reached an agreement or understanding, evidenced by coordinated communications (e.g., internal emails cc'ing multiple Defendants on case assignment dated October 11, 2022; appeal intake dated January 17-18, 2023; and delay responses dated April 25, 2023) to prolong the investigation and hearing without probable cause, ignore statutory deadlines (e.g., 14-day interim review under S.C. Code § 63-7-1430(B)), and maintain the baseless indication.

42. In furtherance of the conspiracy, Defendants committed overt acts, including: Defendant Corley's false record-keeping and incomplete and biased investigation; Defendants Cooper, Gainey, and Davis's administrative delays in file provision and review; and collective failure to expedite pursuant to S.C. Code §§ 63-7-1430 and 63-7-1230.

43. These acts directly resulted in Plaintiff's deprivation of rights, including prolonged registry placement and loss of employment.

44. As a proximate result, Plaintiff suffered damages, including economic loss and emotional distress.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for:

a. Actual, consequential, and compensatory damages in an amount to be determined by a jury;

b. Punitive damages against Defendants in their individual capacities, in an amount to be determined by a jury;

c. Declaratory judgment that Defendants violated Plaintiff's constitutional rights;

d. Injunctive relief (e.g., expungement of records);

e. Attorney fees and costs under 42 U.S.C. § 1988;

f. Prejudgment and post-judgment interest; and,

g. Such other and further relief as the Court deems just and proper.

**JURY TRIAL DEMANDED**

Dated this 10th day of October, 2025, in Bamberg, South Carolina.

BY:  s/ Adam C. Ness
**BAMBERG LEGAL, LLC**
Justin T. Bamberg, Esq. (Fed. ID No.: 11363)
Adam C. Ness, Esq. (Fed. ID. No.: 11673)
104 Bridge Street
Bamberg, SC 29003
P: 803-956-5088
F: 803-956-5094
E: jbamberg@bamberglegal.com
E: acness@bamberglegal.com